UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-107 |
| | ) | (PHILLIPS/GUYTON) |
| RALPH T. O'NEAL, | ) | |
| MICHAEL CURRIER, | ) | |
| BRANDON COOPER, | ) | |
| DEMOND REED, and | ) | |
| RANDY SPEARS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on four motions: Defendant Ralph O'Neal's Pro Se Motion for New Counsel [Doc. 77], Defendant Brandon Cooper's Motion to Continue the Motion Deadline and Motion Hearing [Doc. 78], Defendant Demond Reed's Motion to Withdraw Pretrial Motions [Doc. 87], and Defendant Michael Currier's Motion for Leave to File Additional Motions [Doc. 73].

The parties appeared before the Court on October 30, 2008. Assistant United States Attorney David Lewen was present representing the Government. Attorney Jonathan Cooper was present representing Defendant Ralph O'Neal, who was also present, and Attorney Angela Morelock was present representing Defendant Brandon Cooper, who was also present. Attorney Samuel Lee was present representing Defendant Demond Reed, and Attorney Dennis Francis was present representing Defendant Randy Spears. Finally, Attorney Gregg Isaacs was present representing

Defendant Michael Currier. Defendants Reed, Currier, and Spears were excused from the hearing and did not attend.

The Court first addressed Defendant Ralph O'Neal's Pro Se Motion for New Counsel [Doc. 77]. In his motion, the Defendant stated that he and Attorney Cooper had serious conflicts about the direction of the representation. At the hearing, Attorney Cooper addressed the motion first and stated that, while he would not divulge the details of the problems presented by continuing representation, he believed attorney-client relationship was irretrievable broken. Thereafter, the Defendant testified that he no longer wanted to be represented by Attorney Cooper and that the attorney-client relationship was irretrievably broken. The Government had no objection to the Defendant's request for a new attorney.

Before ruling on the motion, the Court warned the Defendant that, while the Court was obligated to provide competent counsel, it was not required to provide the Defendant with an endless stream of attorneys. The Defendant stated that he understood that attorney substitutions would be made only for good cause.

A defendant seeking to substitute counsel "must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution." Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985). The Court concludes that good cause exists to allow Attorney Cooper to withdraw and to appoint new counsel for the Defendant. The Court finds that the communication between Defendant O'Neal and Attorney Cooper has completely broken down and that the trust necessary for an adequate defense no longer exists in the attorney-client relationship. Accordingly, the Court finds that the request for new counsel is well-taken, and therefore, Defendant Ralph O'Neal's Pro Se Motion for New

2

Counsel **[Doc. 77]** is **GRANTED**.

The present case is related to other matters pending before this Court, and numerous local attorneys have conflicts that prevent them from being appointed as counsel for Defendant O'Neal. There was no attorney present in the courtroom at the time of the hearing who could take appointment, and therefore, a hearing will be scheduled as soon as possible to relieve Attorney Cooper and to appoint new counsel to Defendant O'Neal. Attorney Cooper has agreed to turn over his file and update the newly appointed counsel on the case at that time.

The Court next considered Defendant Brandon Cooper's Motion to Continue the Motion Deadline and Motion Hearing [Doc. 78]. In support of the motion, Attorney Morelock explained that she was the second attorney to represent Defendant Cooper in this matter and had been appointed as counsel on October 14, 2008, after the motion deadline of October 10, 2008, had passed. Therefore, Attorney Morelock sought additional time to file motions. The Court finds Defendant's Motion to Continue **[Doc. 78]** to be well-taken, and therefore, it is **GRANTED**. All Defendants shall have up to and including November 21, 2008, in which to file motions, and the Government shall file any responses to such motions by December 5, 2008.

Thereafter, the Court addressed Defendant Reed's Motion to Withdraw Pretrial Motions [Doc. 87]. Neither the Government nor any of Defendants had an objection to the motion. The Court finds the Motion to Withdraw Pretrial Motions **[Doc. 87]** is well-taken, and therefore, it is **GRANTED**.

Finally, the Court addressed Defendant Currier's Motion for Leave to File Additional Motions [Doc. 73]. The Defendant agreed that, in light of the Court's granting Defendant Cooper's Motion to Continue [Doc. 78], the Motion for Leave [Doc. 73] was now moot. Accordingly,

Defendant Currier's Motion for Leave to File Additional Motions **[Doc. 73]** is **DENIED AS MOOT**.

In summary:

1. Defendant O'Neal's Pro Se Motion for New Counsel **[Doc. 77]** is **GRANTED**. The Court will schedule a hearing at which to relieve Attorney Jonathan Cooper of any further responsibility in this case and appoint new counsel to Defendant O'Neal;

2. Defendant Cooper's Motion to Continue the Motion Deadline and Motion Hearing **[Doc. 78]** is **GRANTED**. The motion deadline is extended until **November 21, 2008**, and the Government shall file any responses to such motions by **December 5, 2008**;

3. Defendant Reed's Motion to Withdraw Pretrial Motions **[Doc. 87]** is **GRANTED,** and therefore, Defendant Reed's Motion to Sever **[Doc. 61]**, Motion for Disclosure **[Doc. 62]**, and Motion for Bill of Particulars **[Doc. 63]** are **WITHDRAWN**; and

4. Defendant Currier's Motion for Leave to File Additional Motions **[Doc. 73]** is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

ENTER:

　　　s/ H. Bruce Guyton　　　
United States Magistrate Judge