UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-CR-107 |
| ) | PHILLIPS/GUYTON |
| RALPH T. O'NEAL III, ) | |
| MICHAEL CURRIER, ) | |
| BRANDON COOPER, ) | |
| DEMOND REED, and ) | |
| RANDY SPEARS, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on January 26, 2009, to address a number of pending motions. Assistant United States Attorney David Jennings ("AUSA Jennings") was present representing the Government. Attorney Kimberly Parton was present representing Defendant Ralph T. O'Neal, who was also present. Attorney Gregory Isaacs ("Attorney Isaacs") was present representing Defendant Michael Currier ("Defendant Currier"), who was also present.

At the time of the hearing, Defendant Currier had the following motions pending before the Court: Motion for Severance of Defendants [Doc. 68]; Motion for Disclosure of Informants [Doc. 69]; Motion and Memorandum in Support of Motion for Disclosure of All Statements Which the Government Will Attribute to Defendant [Doc. 70]; and Motion for 12(d)(2) Evidence and Evidence Arguably Subject to Suppression [Doc. 74].

At the hearing, Attorney Isaacs stated that Defendant Currier continued to seek severance from Defendant O'Neal in light of incriminating statements made by Defendant O'Neal. AUSA Jennings stated that, despite its initial response in opposition to the motion [Doc. 86], the Government now believed there was a genuine issue under United States v. Bruton, 391 U.S. 123 (1968), which necessitated severing Defendant Currier's trial. Based upon the Defendant's Motion and the Government's proffer at the hearing, the Court finds that the Motion for Severance [Doc. 68] is well-taken, and accordingly, it is **GRANTED**. In light of the granting of the motion, the Court set a new trial date of July 28, 2009 for Defendant Currier and scheduled a final pretrial conference for Defendant Currier on July 22, 2009, at 9:30 a.m.

The Court finds that the ends of justice served by granting the motion outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that given the nature of the evidence in this case severance is necessary, and in light of the severance, a continuance of Defendant Currier's trial date is required to allow the parties the reasonable time necessary to prepare for trial even taking into account counsels' due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Notwithstanding due diligence by counsel for both parties, the new trial date of July 28, 2009, is also necessary to allow for continuance of counsel for both parties. Id.

The Court finds that the period of time between the filing of the Motion to Sever on October 10, 2008, and the hearing held on January 26, 2009, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F). Further, the Court finds that the period between the hearing on January 26, 2009, and the new trial date of July 28, 2009, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A)-(B).

Attorney Isaacs represented to the Court that in light of the severance Defendant Currier's remaining motions were moot. Accordingly, the Court finds that the Motion for Disclosure of Informants [Doc. 69], the Motion and Memorandum in Support of Motion for Disclosure of All Statements Which the Government Will Attribute to Defendant [Doc. 70], and the Motion for 12(d)(2) Evidence and Evidence Arguably Subject to Suppression [Doc. 74] are moot, and they are **DENIED AS MOOT**.

In summary,

> 1. The Motion for Severance **[Doc. 68]** is **GRANTED**;
>
> 2. The Motion for Disclosure of Informants **[Doc. 69]**; the Motion and Memorandum in Support of Motion for Disclosure of All Statements Which the Government Will Attribute to Defendant **[Doc. 70]**, and the Motion for 12(d)(2) Evidence and Evidence Arguably Subject to Suppression **[Doc. 74]** are **DENIED AS MOOT**;
>
> 3. A final pretrial conference for Defendant Currier will be held on **July 22, 2009, at 9:30 a.m.**;
>
> 4. Defendant Currier's trial will begin on **July 28, 2009**, before the Honorable Thomas W. Phillips, United States District Court Judge; and
>
> 5. The time between the filing of Motion to Sever on October 10, 2008, and the new trial date of July 28, 2009, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(8)(A), (B) & (F).

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge