UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:08-CR-107 (PHILLIPS/SHIRLEY) |
| MICHAEL CURRIER, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on July 15, 2009, for a scheduled motion hearing. Assistant United States Attorney David Lewen was present for the Government. Attorney Gregory Isaacs was present for the Defendant. The Defendant is on pretrial release and was absent with permission of the Court.

The parties appeared before the Court to address the Defendant's Motion to Continue Trial Date [Doc. 198]. The Motion states that the Defendant seeks a continuance to allow time for Attorney Isaacs to review the volumnious discovery in this case and make further necessary investigation. The Motion further states that the trial preparation that is necessary in this case could not be completed before the currently set trial date of July 28, 2009. In addition, this Defendant has been severed from the co-defendants in this matter, and the parties to the instant motion have agreed that this case should be tried after the trial of the other defendants, which is set for this fall. At the hearing, Attorney Isaacs stated that the Defendant understood his rights under the Speedy Trial Act.

However, the Defendant sought a continuance because he believed it was in his best interest to have additional time to review the discovery in this matter and prepare for trial. Attorney Isaacs confirmed that the Defendant understood he would remain under all of the same pretrial conditions until the new trial date. The Government had no objection to the Motion.

First, the Court finds that all time between the filing of the first pretrial motions on June 25, 2009, and the hearing held on July 15, 2009, is fully excludable for Speedy Trial purposes, 18 U.S.C. § 3161(h)(1)(D). Further, the Court finds that the ends of justice served by granting the oral motion outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Defendant needs additional time to review the discovery in this matter and investigate the case. The Court finds that this investigation and discovery review could not take place before the July 28, 2009, trial date, despite counsel's use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, the Court finds that Defendant's Motion to Continue **[Doc. 198]** is well-taken, and therefore, it is **GRANTED**.

In light of these findings and its granting of the motion, the Court set a new trial date of January 20, 2010. Thus, based on the foregoing and in addition to the time excludable for the pendency of a pretrial motion, Court finds that the period of time between June 25, 2009, and the new trial date of January 20, 2010, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A)-(B).

Accordingly:

    1. The Motion to Continue **[Doc. 198]** the trial date is **GRANTED**;

    2. The trial date is set for **January 20, 2010**, before the Honorable Thomas W. Phillips, United States District Judge;

2

3.  The plea agreement cut-off date in this matter shall be **January 6, 2010**; and

4.  All time between the June 25, 2009, and the January 20, 2010, trial date is fully excludable under the Speedy Trial Act.

**IT IS SO ORDERED.**

                        ENTER:

                          s/ C. Clifford Shirley, Jr.
                        United States Magistrate Judge